UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DIANNE JONES,

                Plaintiff,

v.                                  Civil Action No.

UBER TECHNOLOGIES, INC. D/B/A UBER EATS,

                Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Dianne Jones, is a natural person residing in County of Erie and State of New York.

5. Defendant, Uber Technologies, Inc. D/B/A Uber Eats, is a corporation organized under the laws of Delaware doing business in the State of New York.

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. That on or about July 2020, the Defendant began calling and leaving automated voicemails to the Plaintiff's cellular telephone.

16. That the Defendant would leave automated and/or pre-recorded voice messages on Plaintiff's cellular telephone that pertained to a restaurant not being available to the Defendant's customers.

17. The Plaintiff is over 60 years old has never had any application owned and operated by the Defendant on her cellular phone, nor used any of the Defendants services.

18. That during the first few times that Plaintiff received the aforementioned voice messages from the Defendant, Plaintiff called the number that was provided to "opt-out" of future calls but the number does not work or disconnects.

19. The Plaintiff still continues to receive these calls to her cellular phone from the Defendant after her repeated attempts to stop these phone calls.

20. Over the course of a year, the Plaintiff has received over 50 telephone calls from the Defendant.

21. That Defendant's automated voicemails consumed 24 minutes and 26 seconds of the Plaintiff's cellular phone.

22. The voicemails would state the same message pertaining to a restaurant not being accessible to the Defendant's customers.

23. The Defendant initiated and repeated, the following automated voicemail to the Plaintiff's cellular device:

    "…Make sure that your iPad is turned on and you were logged into…that if you are having issues please contact our support team thanks…Hi this Alisa calling from Uber eats we wanted to let you know that your restaurant is currently unavailable to our customers please make sure that your iPad is turned on and you were logged in to the new breed… if you are having issues please contact our support team thanks…"

24. That the telephone calls and voicemails made by the Defendant at times rendered Plaintiff's telephone unusable due to the excessive number of messages and calls.

25. That the telephone calls and voicemails from the Defendant are annoying and upsetting to the Plaintiff.

26. That upon information and belief, that the Defendant initiated multiple telephone calls and voicemails to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted artificial messages.

## V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

27. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

28. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver

messages without having consent of Plaintiff to make such calls and leave such messages.

29. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable teletelephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

31. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

32. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

33. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

34. The Defendant caused said teletelephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d) For such other and further relief as may be just and proper.

Dated: June 2, 2021

_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
Email: sandrews@kennethhiller.com
       khiller@kennethhiller.com